### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### WESTERN DIVISION.

---

### JACKSON, APRIL TERM, 1904.

---

GARDNER *v.* SWIFT & CO.

'(*Jackson.* April Term, 1904.)'

1. **ATTACHMENT.** Sufficiency of affidavit for.
   An affidavit for an attachment reciting that the defendant was indebted to the plaintiff "in the sum of fifteen hundred dollars, debt and damages by open account," is not defective as leaving the amount sued for indefinite by the use of the term "damages," that word, from its connection, being construed to mean merely interest.

2. **SAME.** Levy and notice essential. Failure to record sufficient order does not vitiate. Case in judgment.
   In an attachment proceeding instituted in the circuit court against a nonresident, after the writ had been returned showing a levy upon the property of the defendant, the clerk of the court made a sufficient order of publication, which, however, was not entered on the rule docket or marked "filed" but, in its original form, delivered to the printer for publication and so published. It was contended by the defendant that the statutes authoriz-

ing attachment and publication had not been complied with, and, therefore, that the proceedings were void.

*Held*:   1.   The clerk of the court was authorized to issue the attachment.

2.   That the levy of the attachment and the publication of a sufficient notice are the essential requirements of the statute, and this having been complied with, the failure of the clerk to file, or enter on the rule docket, the order of publication, did not vitiate the proceedings.

Code cited and construed:   Secs. 5221, 5234, 5278, 5279, 5281, 5282, 5283, 5284, 5937 (S.).

Cases cited:   Lyle v. Longley, 6 Bax., 286, 289, 292; Howard v. Jenkins, 5 Lea, 176; Allen v. Gilliland, 6 Lea, 521, 532.

---

FROM MADISON.

---

Appeal in error from the Circuit Court of Madison County.—LEVI S. WOODS, Judge.

MALLORY & PIGFORD, for Gardner.

HAYES & BIGGS, for Swift & Co.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an original attachment proceeding, instituted in the circuit court of Madison county under the following affidavit:

"State of Tennessee, Madison county. Affidavit. Personally appeared before me, J. W. Blackman, clerk of the circuit court for said State and county, O. G.

Gardner, with whom I am personally acquainted, who makes oath in due form of law that Swift & Company are indebted to him in the sum of fifteen hundred dollars debt and damages by open account, and that his claim is just, due and unpaid; and that said Swift & Company are nonresidents of the State of Tennessee, so that ordinary process of law cannot be served upon them, wherefore he prays that the writ of attachment issue. This November 9th, 1903. O. G. Gardner.

"Sworn to and subscribed to before me this November ——, 1903. T. C. Biggs, deputy clerk."

The objection made to this is based on the word "damages." It is insisted that this word imports an indefinite sum claimed as compensation for a tort or wrong inflicted, and that the affidavit does not specify how much the damages are. We do not think there is anything in this objection. In the connection in which the word is used it means, merely, interest, and the amount sued for is $1,500 by open account, embracing the principal of the debt and the interest thereon. This is the true construction of the affidavit.

The next objection made is that there appears no order of the clerk of the court directing publication to be made for the defendant as required by law, and that if any publication was made it was without authority. The substance of the matter, as shown by the record, is this: When the attachment writ was returned showing a levy upon the property of the defendant, the clerk of the court made an order as follows: "O. G. Gardner v.

Swift & Company. In the circuit court at Jackson. In this cause it appearing that the defendants, Swift & Company, are justly indebted to the plaintiff, O. G. Gardner, in the sum of $1,500.00, and that said Swift & Co. are nonresidents of the State of Tennessee, and it further appearing that an attachment by garnishment has been issued and levied on the property of the defendants, it is therefore ordered that publication be made for four consecutive weeks in the Jackson Daily Sun, requiring the said defendants to appear before the said circuit court at Jackson, Tennessee, on the second Monday of March, 1904, and make defense to said suit, or the same will be proceeded with *ex parte*. This January 14, 1904. J. W. Blackman, clerk. By T. C. Biggs, deputy circuit clerk." This order was made upon a separate sheet of paper, but does not seem to have been marked "Filed" by the clerk, nor retained in the office. He took it to the printer and left it with him for publication, and it was published. Now the sections of the Code that bear upon the subject are as follows:

Shannon's Code, section 5221: "The attachment may be granted by any judge of the circuit, criminal, or special court, by any chancellor or justice of the peace, or by the clerk of the court to which the attachment is made returnable."

Section 5937: "Justices of the peace are vested with power to grant writs of attachment, returnable to the circuit court, in the same manner and to the same extent as the circuit judge."

Gardner v. Swift.

Section 5234 shows that the writ may be issued by a judge of the circuit court himself, or by the chancellor, or by a justice of the peace, or by the clerk. This appears from the form given in that section, and is also shown as to the chancellor in the case of *Lyle* v. *Longley,* 6 Baxt., 286, 289-292.

Section 5278 reads: "The officer granting the attachment may, at the time, direct that, as soon as the attachment is levied, publication be made in some newspaper, requiring the defendant to appear at a time and place to be mentioned in such publication, before the court or justice having cognizance of the attachment, and defend the action thus commenced, otherwise the cause may be proceeded with *ex parte.*"

Section 5279: "If the order of publication is not then made, the clerk of the court, the court itself, or the justice before whom the attachment is returned, may make such order at any time thereafter."

Section 5280: "The order should be entered upon the justice's docket, as well as indorsed upon the papers in all attachment cases returned before a magistrate. In all other cases, the entry should be made upon the minutes or rule docket of the court."

Section 5281: "As soon as the attachment is levied upon property of the defendant, the justice or clerk of the court shall make out, in pursuance of the order of publication, a memorandum or notice thereof, and cause the same to be published forthwith in some convenient newspaper according to law."

Section 5282: "This memorandum or notice shall contain the names of the parties, the style of the court to which the attachment is made returnable, the cause alleged for suing it out, and the time and place at which the defendant is required to appear and defend the attachment suit."

Section 5283: "The publication shall be made for four consecutive weeks in a newspaper published in the county in which the suit is brought, if any, and, if not, in some convenient newspaper to be designated in the order, the last publication to be at least one week before the time fixed for the defendant's appearance."

Section 5284: "Attachment and publication are in lieu of personal service upon the defendant, and the plaintiff may proceed, upon return of the attachment duly levied, as if the suit had been commenced by summons."

It is apparent, upon the reading of all these sections together at one view, that the levy of attachment and the publication of the notice containing the points covered by section 5282 are the chief things for consideration. As to the order, it is seen that a justice of the peace, even, may issue an attachment returnable to the circuit court, and may at the same time make the order requiring publication. This order, of course, would be transmitted along with the writ to the circuit court clerk, and regularly, should be entered by him upon his rule docket, yet if he should fail to make this entry, and still the court could see beyond question that he had

Gardner v. Swift.

made proper publication, it would be sticking in the bark to hold that the proceedings were void by reason of the failure of the clerk to make the entry upon his docket. The same may be true of a writ issued by the circuit judge himself, with an order directing publication. This order, with the writ, if issued out of term time, would have to go to the circuit court clerk's office and there be entered upon his rule docket, just as if the attachment had been issued by a justice of the peace and made returnable to the circuit court. The same would be true as to a writ issued by the chancellor out of term time, with an order of publication accompanying it. This order would have to go to the clerk and master and be entered upon the rule docket of the chancery court. In all these cases it would be pressing technicalities beyond reason if we should hold that the defendant was not brought into court because of the absence of an entry upon the rule docket, in cases where we could see that everything that the order could direct had been done; that is, that the proper publication had been made as provided by law, containing all of the matter provided for in section 5282. So, in the present case, it appears most clearly that the circuit court clerk made publication as above set out, and that the notice which was published was in fact the order which he made. Now, to hold that the proceedings were void because he wrote that order upon a separate sheet of paper, and, instead of entering it upon his record, carried it to the printer to be published, would be to sacrifice substance to mere

form. Really, as already stated, and as shown by sections 5281, 5282, and 5284, the levy and the notice are the chief things. The order does not have to contain the various matters provided for in section 5282, but may be general. *Howard* v. *Jenkins,* 5 Lea, 176; *Allen* v. *Gilliland,* 6 Lea, 521, 532.

There were some other points made in the assignment of errors, and argued at the hearing, which were disposed of orally by the court, and, not being of permanent interest, this opinion need not be incumbered with the statement or determination of them.

It results that his honor the circuit judge was in error in sustaining the plea in abatement. His judgment must therefore be reversed, and the cause remanded for further proceedings.